CMM:AT
F. #2023R00762

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - X

UNITED STATES OF AMERICA

- against -

SAAD AZIZ and
ZABED CHOWDHURY,
    also known as "Jared,"

           Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - X

**I N D I C T M E N T**

C̶R̶2̶6̶ ̶2̶0̶1̶

(T. 18, U.S.C., §§ 371, 982(a)(1),
982(a)(7), 982(b)(1), 1347, 1349,
1956(h), 2 and 3551 et seq.;
T. 21, U.S.C., § 853(p);
T. 42, U.S.C., § 1320a-7(b)(2)(B))

**CHOUDHURY, J.**

LOCKE, M. J.

THE GRAND JURY CHARGES:

## INTRODUCTION

    At all times relevant to this Indictment, unless otherwise indicated:

I.    The Medicaid Program

    1.    The New York State Medicaid program ("Medicaid") was a federal and state health care program providing benefits to individuals and families who met specified financial and other eligibility requirements, and certain other individuals who lacked adequate resources to pay for medical care. The Centers for Medicare & Medicaid Services ("CMS"), a federal agency under the U.S. Department of Health and Human Services ("HHS"), was responsible for overseeing the Medicaid program in participating states, including New York. Individuals who received benefits under Medicaid were referred to as "beneficiaries."

    2.    Medicaid covered the costs of various medical services and products ranging from routine preventive medical care for children to institutional care for the elderly and disabled. Among the specific medical services provided by Medicaid were ambulette services,

which provided beneficiaries with transportation to access medical care in non-emergency situations, including medical appointments.

3. To bill Medicaid, providers were required regularly to certify, among other things, that the claimed services were provided in accordance with applicable federal and state laws and regulations, and that the provider understood that payment of the claims were from federal, state and local public funds.

4. Medical providers and suppliers were authorized to submit claims to Medicaid only for services that were medically necessary, were provided by an authorized provider and were not induced by payment of a kickback, among other requirements.

5. As with other Medicaid providers, to submit claims for reimbursement to Medicaid, ambulette companies were required to apply for enrollment, to be enrolled and to periodically revalidate that enrollment.

6. The Medicaid program was a "health care benefit program," as defined by Title 18, United States Code, Section 24(b), and a "Federal health care program," as defined by Title 42, United States Code, Section 1320a-7b(f).

II. The Defendants and Relevant Entities

7. Addiction Treatment Center-1, an entity the identity of which is known to the Grand Jury, was an addiction treatment center that assisted patients, including Medicaid beneficiaries, in New York, New York.

8. Addiction Treatment Center-2, an entity the identity of which is known to the Grand Jury, was an addiction treatment center that assisted patients, including Medicaid beneficiaries, in New York, New York.

9. Addiction Treatment Center-3, an entity the identity of which is known to the Grand Jury, was an addiction treatment center that assisted patients, including Medicaid

beneficiaries, in Long Beach, New York (together with Addiction Treatment Center-1 and Addiction Treatment Center-2, the "Addiction Treatment Centers").

10. Tri-Hamlet Taxi Inc. ("Tri-Hamlet") was a New York State Corporation located in Shirley, New York.

11. The defendant SAAD AZIZ was a resident of Suffolk County, New York, and was the owner and operator of Tri-Hamlet.

12. The defendant ZABED CHOWDHURY, also known as "Jared," was a resident of Suffolk County, New York, and was a manager of Tri-Hamlet.

III. The Medicaid Fraud and Kickback Schemes

13. Between approximately January 2019 and October 2025, the defendants SAAD AZIZ and ZABED CHOWDHURY, together with others, agreed to execute and executed schemes to enrich themselves whereby they offered and paid illegal health care kickbacks and submitted and caused to be submitted claims to Medicaid for ambulette services to medical appointments, even though those ambulette services were not performed. In total, the defendants, through Tri-Hamlet, fraudulently billed Medicaid millions of dollars.

14. The defendants SAAD AZIZ and ZABED CHOWDHURY, together with others:

(a) submitted fraudulent claims to Medicaid for transportation services that Tri-Hamlet did not perform;

(b) submitted claims to Medicaid for transportation services that were induced by remuneration to beneficiaries;

(c) submitted fraudulent claims to Medicaid for transportation services whose costs were artificially inflated; and

(d) while receiving reimbursements for transportation services from Medicaid, some of which were never performed at all, paid kickbacks directly to beneficiaries for requesting those transportation services from Tri-Hamlet.

15. The defendants SAAD AZIZ and ZABED CHOWDHURY also submitted claims to Medicaid for transporting two undercover law enforcement officers ("Undercover Officer-1" and "Undercover Officer-2," collectively the "Undercover Officers"), who were acting as Medicaid beneficiaries, to the Addiction Treatment Centers. The Undercover Officers were in fact never transported to the Addiction Treatment Centers and never received treatment. The defendants provided the Undercover Officers with cash kickbacks as part of the scheme.

16. As part of their scheme to submit claims to Medicaid for transportation services whose costs were artificially inflated, the defendants SAAD AZIZ and ZABED CHOWDHURY, together with others, instructed Medicaid beneficiaries, including the Undercover Officers, to list false home addresses (the pickup addresses) as the addresses for which they were purportedly to be picked up. The defendants instructed the beneficiaries to list false addresses which were further away from the Addiction Treatment Centers than their true home addresses so that the rides would be longer distances, and therefore the reimbursement rates would be higher. The defendants also instructed Medicaid beneficiaries to request treatment at the Addiction Treatment Centers, despite that there were many other addiction treatment centers much closer to the Medicaid beneficiaries.

17. As part of their scheme to pay kickbacks directly to the beneficiaries for requesting those transportation services from Tri-Hamlet, the defendants SAAD AZIZ and ZABED CHOWDHURY, together with others, regularly and consistently made cash kickback

payments to Medicaid beneficiaries so that those beneficiaries would request transportation services from Tri-Hamlet.

COUNT ONE
(Conspiracy to Commit Health Care Fraud)

18.     The allegations contained in paragraphs one through 17 are realleged and incorporated as if fully set forth in this paragraph.

19.     In or about and between January 2019 and October 2025, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendants SAAD AZIZ and ZABED CHOWDHURY, also known as "Jared," together with others, did knowingly and willfully conspire to execute a scheme and artifice to defraud one or more health care benefit programs, as defined in Title 18, United States Code, Section 24(b), to wit: Medicaid, and to obtain, by means of one or more materially false and fraudulent pretenses, representations and promises, money and property owned by, and under the custody and control of Medicaid, in connection with the delivery of a payment for health care benefits, items and services, contrary to Title 18, United States Code, Section 1347.

(Title 18, United States Code, Sections 1349 and 3551 et seq.)

COUNTS TWO THROUGH FOUR
(Health Care Fraud)

20.     The allegations contained in paragraphs one through 17 are realleged and incorporated as if fully set forth in this paragraph.

21.     In or about and between January 2019 and October 2025, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendants SAAD AZIZ and ZABED CHOWDHURY, also known as "Jared," together with others, did knowingly and willfully execute and attempt to execute a scheme and artifice to defraud one or more health care benefit programs, as defined in Title 18, United States Code,

Section 24(b), to wit: Medicaid, and to obtain, by means of one or more materially false and fraudulent pretenses, representations and promises, money and property owned by, and under the custody and control of, Medicaid, in connection with submitting fraudulent claims for payment for Medicaid related to transportation services.

22. On or about the dates specified below, within the Eastern District of New York and elsewhere, the defendants SAAD AZIZ and ZABED CHOWDHURY, also known as "Jared," together with others, submitted and caused to be submitted the following false and fraudulent claims to Medicaid, in an attempt to execute, and in execution of the scheme described above:

| Count | Medicaid Beneficiary | Transportation Location | Approximate Date of Claim | Approximate Amount Paid by Medicaid |
|-------|----------------------|-------------------------|---------------------------|-------------------------------------|
| TWO | Undercover Officer-2 | Addiction Treatment Center-2 | 9/30/2024 | $334.99 |
| THREE | Undercover Officer-1 | Addiction Treatment Center-2 | 6/11/2025 | $341.95 |
| FOUR | Undercover Officer-1 | Addiction Treatment Center-3 | 8/11/2025 | $235.56 |

(Title 18, United States Code, Sections 1347, 2 and 3551 et seq.)

COUNT FIVE
(Conspiracy to Defraud the United States and Pay Health Care Kickbacks)

23. The allegations contained in paragraphs one through 17 are realleged and incorporated as if fully set forth in this paragraph.

24. In or about and between January 2019 and October 2025, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendants SAAD AZIZ and ZABED CHOWDHURY, also known as "Jared," together with others, did knowingly and willfully conspire to:

(a)     defraud the United States, by impairing, impeding, obstructing and defeating through deceitful and dishonest means, the lawful government functions of Medicaid; and

(b)     commit certain offenses against the United States, that is, to offer and pay remuneration, including kickbacks and bribes, directly and indirectly, overtly and covertly, in cash and in kind, to one or more beneficiaries to induce those beneficiaries to request transportation services for which payment may have been made in whole and in part under Medicaid, which was a federal health care program, contrary to Title 42, United States Code, Section 1320a-7b(2)(B).

25.     In furtherance of the conspiracy and to effect its objects, within the Eastern District of New York and elsewhere, the defendants SAAD AZIZ and ZABED CHOWDHURY, also known as "Jared," together with others, did commit and cause the commission of, among others, at least one of the following:

### OVERT ACTS

(a)     On or about June 4, 2024, CHOWDHURY rendered a cash kickback payment of $520 to Undercover Officer-1, posing as a Medicaid beneficiary, so that Undercover Officer-1 and two others would request transportation services from Tri Hamlet.

(b)     On or about July 8, 2024, AZIZ rendered a cash kickback payment of $500 to Undercover Officer-1, posing as a Medicaid beneficiary, so that Undercover Officer-1 and two others would request transportation services from Tri Hamlet.

(Title 18, United States Code, Sections 371 and 3551 et seq.)

## COUNTS SIX AND SEVEN
(Paying Health Care Kickbacks)

26. The allegations contained in paragraphs one through 17 are realleged and incorporated as if fully set forth in this paragraph.

27. On or about the dates set forth below, within the Eastern District of New York and elsewhere, the defendants SAAD AZIZ and ZABED CHOWDHURY, also known as "Jared," together with others, did knowingly and willfully pay kickbacks and bribes, directly and indirectly, overtly and covertly, in cash and in kind, to one or more Medicaid recipients to induce those Medicaid recipients to request transportation services for which payment may have been made in whole and in part under Medicaid, which was a federal health care program, as set forth below:

| Count | Approximate Date | Kickback | Individual that Received Kickback |
|-------|-----------------|----------|-----------------------------------|
| SIX | 5/13/2024 | $400 | Undercover Officer-1 |
| SEVEN | 9/23/2024 | $520 | Undercover Officer-1 |

(Title 42, United States Code, Section 1320a-7b(2)(B); Title 18, United States Code, Sections 2 and 3551 et seq.)

## COUNT EIGHT
(Conspiracy to Commit Money Laundering)

28. The allegations contained in paragraphs one through 17 are realleged and incorporated as if fully set forth in this paragraph.

29. In or about and between January 2021 and October 2025, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendants SAAD AZIZ and ZABED CHOWDHURY, also known as "Jared," together with others, did knowingly and intentionally conspire to conduct one or more financial transactions in

and affecting interstate commerce, which in fact involved the proceeds of specified unlawful activity, to wit: healthcare fraud, conspiracy to commit healthcare fraud, and conspiracy to defraud the United States and pay health care kickbacks in violation of Title 18, United States Code, Sections 1347, 1349 and 371, respectively, knowing that the property involved in the transactions represented the proceeds of some form of unlawful activity, and knowing that the transactions were designed in whole and in part to promote the carrying on of specified unlawful activity, contrary to Title 18, United States Code, Section 1956(a)(1)(A)(i).

(Title 18, United States Code, Sections 1956(h) and 3551 et seq.)

CRIMINAL FORFEITURE ALLEGATION
AS TO COUNTS ONE THROUGH SEVEN

30. The United States hereby gives notice to the defendants that, upon their conviction of any of the offenses charged in Counts One through Seven, the government will seek forfeiture in accordance with Title 18, United States Code, Section 982(a)(7), which requires any person convicted of a Federal health care offense to forfeit property, real or personal, that constitutes or is derived, directly or indirectly, from gross proceeds traceable to the commission of such offenses, including but not limited to:

(a) all right, title and interest in the real property and premises known as 60 Mastic Blvd. West, Shirley, New York 11967, together with its appurtenances, improvements, fixtures, easements, furnishings and attachments thereon, as well as all leases, rents and profits therefrom, and all proceeds traceable thereto;

(b) all right, title and interest in the real property and premises known as 34 Old Portion Rd., Ronkonkoma, New York 11779, together with its appurtenances, improvements, fixtures, easements, furnishings and attachments thereon, as well as all leases, rents and profits therefrom, and all proceeds traceable thereto;

(c) all right, title and interest in the real property and premises known as 22 Sherwood Drive, Shoreham, New York 11786, together with its appurtenances, improvements, fixtures, easements, furnishings

and attachments thereon, as well as all leases, rents and profits therefrom, and all proceeds traceable thereto;

(d) all right, title and interest in the real property and premises known as 81 Washington Ave., Mastic, New York 11950, together with its appurtenances, improvements, fixtures, easements, furnishings and attachments thereon, as well as all leases, rents and profits therefrom, and all proceeds traceable thereto;

(e) all right, title and interest in the real property and premises known as 36 Metzner Rd., Brookhaven, New York 11779, together with its appurtenances, improvements, fixtures, easements, furnishings and attachments thereon, as well as all leases, rents and profits therefrom, and all proceeds traceable thereto;

(f) all right, title and interest in the real property and premises known as 196 Concord Rd., Shirley, New York 11967, together with its appurtenances, improvements, fixtures, easements, furnishings and attachments thereon, as well as all leases, rents and profits therefrom, and all proceeds traceable thereto;

(g) all right, title and interest in the real property and premises known as 284 River Rd., Shirley, New York 11967, together with its appurtenances, improvements, fixtures, easements, furnishings and attachments thereon, as well as all leases, rents and profits therefrom, and all proceeds traceable thereto;

(h) all funds on deposit in Flushing Bank account number 999-0195763, held in the name of Tri-Hamlet Taxi Inc., and all proceeds traceable thereto;

(i) all funds on deposit in Flushing Bank account number 999-0422411, held in the name of Tri-Hamlet Taxi Inc., and all proceeds traceable thereto;

(j) all funds on deposit in Flushing Bank account number 999-0196599, held in the name of the defendant SAAD AZIZ'S wife, and all proceeds traceable thereto;

(k) all funds on deposit in Flushing Bank account number 999-0234876, held in the name of the defendant SAAD AZIZ, and all proceeds traceable thereto;

(l) all funds on deposit in Capital One Bank, N.A. account number 36240627378, held in the name of the defendant SAAD AZIZ'S wife, and all proceeds traceable thereto;

(m)    all funds on deposit in Bank of America, N.A. account number 483101881347, held in the name of the defendant SAAD AZIZ'S wife, and all proceeds traceable thereto;

(n)    all funds on deposit in Bank of America, N.A. account number 483110200634, held in the name of the defendant SAAD AZIZ'S wife, and all proceeds traceable thereto;

(o)    all funds on deposit in Bank of America, N.A. account number 483102212999, held in the name of the defendant ZABED CHOWDHURY, and all proceeds traceable thereto;

(p)    all funds on deposit in Bank of America, N.A. account number 483102212973, held in the name of the defendant ZABED CHOWDHURY, and all proceeds traceable thereto;

(q)    all funds on deposit in Dime Community Bank account number 5000227874, held in the name of the defendant SAAD AZIZ'S wife, and all proceeds traceable thereto;

(r)    all funds on deposit in Dime Community Bank account number 3250228461, held in the name of the defendant SAAD AZIZ'S wife, and all funds traceable thereto;

(s)    all funds on deposit in Flushing Bank account number 999-0301712, held in the name of 22 Sherwood Drive Shoreham NY, LLC, and all proceeds traceable thereto;

(t)    all funds on deposit in Flushing Bank account number 999-0302522, held in the name of 60 Mastic Blvd. West Shirley, LLC, and all proceeds traceable thereto;

(u)    all funds on deposit in Flushing Bank account number 999-0301607, held in the name of 196 Concord Road, LLC, and all proceeds traceable thereto; and

(v)    all funds on deposit in Flushing Bank account number 999-0301665, held in the name of 284 River Road LLC, and all proceeds traceable thereto.

31.    If any of the above-described forfeitable property, as a result of any act or omission of the defendants:

(a)    cannot be located upon the exercise of due diligence;

(b)    has been transferred or sold to, or deposited with, a third party;

(c)     has been placed beyond the jurisdiction of the court;

(d)     has been substantially diminished in value; or

(e)     has been commingled with other property which cannot be divided

without difficulty,

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), as

incorporated by Title 18, United States Code, Sections 982(b)(1), to seek forfeiture of any other

property of the defendants up to the value of the forfeitable property described in this forfeiture

allegation.

(Title 18, United States Code, Sections 982(a)(7) and 982(b)(1); Title 21, United

States Code, Section 853(p))

### CRIMINAL FORFEITURE ALLEGATION
### AS TO COUNT EIGHT

32.     The United States hereby gives notice to the defendants that, upon their

conviction of the offense charged in Count Eight, the government will seek forfeiture in

accordance with Title 18, United States Code, Section 982(a)(1), which requires any person

convicted of such offense to forfeit any property, real or personal, involved in such offense, or

any property traceable to such property, including but not limited to:

(a)     all right, title and interest in the real property and premises known as 60 Mastic Blvd. West, Shirley, New York 11967, together with its appurtenances, improvements, fixtures, easements, furnishings and attachments thereon, as well as all leases, rents and profits therefrom, and all proceeds traceable thereto;

(b)     all right, title and interest in the real property and premises known as 34 Old Portion Rd., Ronkonkoma, New York 11779, together with its appurtenances, improvements, fixtures, easements, furnishings and attachments thereon, as well as all leases, rents and profits therefrom, and all proceeds traceable thereto;

(c)     all right, title and interest in the real property and premises known as 22 Sherwood Drive, Shoreham, New York 11786, together with

its appurtenances, improvements, fixtures, easements, furnishings and attachments thereon, as well as all leases, rents and profits therefrom, and all proceeds traceable thereto;

(d) all right, title and interest in the real property and premises known as 81 Washington Ave., Mastic, New York 11950, together with its appurtenances, improvements, fixtures, easements, furnishings and attachments thereon, as well as all leases, rents and profits therefrom, and all proceeds traceable thereto;

(e) all right, title and interest in the real property and premises known as 36 Metzner Rd., Brookhaven, New York 11779, together with its appurtenances, improvements, fixtures, easements, furnishings and attachments thereon, as well as all leases, rents and profits therefrom, and all proceeds traceable thereto;

(f) all right, title and interest in the real property and premises known as 196 Concord Rd., Shirley, New York 11967, together with its appurtenances, improvements, fixtures, easements, furnishings and attachments thereon, as well as all leases, rents and profits therefrom, and all proceeds traceable thereto;

(g) all right, title and interest in the real property and premises known as 284 River Rd., Shirley, New York 11967, together with its appurtenances, improvements, fixtures, easements, furnishings and attachments thereon, as well as all leases, rents and profits therefrom, and all proceeds traceable thereto;

(h) all funds on deposit in Flushing Bank account number 999-0195763, held in the name of Tri-Hamlet Taxi Inc., and all proceeds traceable thereto;

(i) all funds on deposit in Flushing Bank account number 999-0422411, held in the name of Tri-Hamlet Taxi Inc., and all proceeds traceable thereto;

(j) all funds on deposit in Flushing Bank account number 999-0196599, held in the name of the defendant SAAD AZIZ'S wife, and all proceeds traceable thereto;

(k) all funds on deposit in Flushing Bank account number 999-0234876, held in the name of the defendant SAAD AZIZ, and all proceeds traceable thereto;

(l) all funds on deposit in Capital One Bank, N.A. account number 36240627378, held in the name of the defendant SAAD AZIZ'S wife, and all proceeds traceable thereto;

(m) all funds on deposit in Bank of America, N.A. account number 483101881347, held in the name of the defendant SAAD AZIZ'S wife, and all proceeds traceable thereto;

(n) all funds on deposit in Bank of America, N.A. account number 483110200634, held in the name of the defendant SAAD AZIZ'S wife, and all proceeds traceable thereto;

(o) all funds on deposit in Bank of America, N.A. account number 483102212999, held in the name of the defendant ZABED CHOWDHURY, and all proceeds traceable thereto;

(p) all funds on deposit in Bank of America, N.A. account number 483102212973, held in the name of the defendant ZABED CHOWDHURY, and all proceeds traceable thereto;

(q) all funds on deposit in Dime Community Bank account number 5000227874, held in the name of the defendant SAAD AZIZ'S wife, and all proceeds traceable thereto;

(r) all funds on deposit in Dime Community Bank account number 3250228461, held in the name of the defendant SAAD AZIZ'S wife, and all funds traceable thereto;

(s) all funds on deposit in Flushing Bank account number 999-0301712, held in the name of 22 Sherwood Drive Shoreham NY, LLC, and all proceeds traceable thereto;

(t) all funds on deposit in Flushing Bank account number 999-0302522, held in the name of 60 Mastic Blvd. West Shirley, LLC, and all proceeds traceable thereto;

(u) all funds on deposit in Flushing Bank account number 999-0301607, held in the name of 196 Concord Road, LLC, and all proceeds traceable thereto; and

(v) all funds on deposit in Flushing Bank account number 999-0301665, held in the name of 284 River Road LLC, and all proceeds traceable thereto.

33. If any of the above-described forfeitable property, as a result of any act or omission of the defendants:

(a) cannot be located upon the exercise of due diligence;

(b) has been transferred or sold to, or deposited with, a third party;

(c)     has been placed beyond the jurisdiction of the court;

(d)     has been substantially diminished in value; or

(e)     has been commingled with other property which cannot be divided without difficulty,

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 18, United States Code, Section 982(b)(1), to seek forfeiture of any other property of the defendants up to the value of the forfeitable property described in this forfeiture allegation.

(Title 18, United States Code, Sections 982(a)(1) and 982(b)(1); Title 21, United States Code, Section 853(p))

A TRUE BILL

/s/

FOREPERSON

by *Assistant U.S. Attorney Alixandra Smith*
JOSEPH NOCELLA, JR.
UNITED STATES ATTORNEY
EASTERN DISTRICT OF NEW YORK